# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JEFFREY WEBB,**

    **Plaintiff,**

**v.**

**SELECT PORTFOLIO SERVICING, INC.**

    **Defendant.**

_____/

**CASE NO.:**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff, Jeffrey Webb ("Plaintiff" or "Mr. Webb"), by and through undersigned counsel, hereby files this *Class Action Complaint* against Defendant, Select Portfolio Servicing, Inc. ("Defendant" or "SPS"), and states as follows:

## PRELIMINARY STATEMENT

1.　Plaintiff brings this action for damages, costs, and fees pursuant to the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 USC § 1692a *et seq.*, and breach of contract.

2.    Those who have mortgages services by SPS are entitled to the protections of the FDCPA and the FCCPA.   Those statutes set forth requirements and obligations for mortgage servicers, like SPS.   One obligation is to refrain from exercising non-existent rights or collecting illegitimate debts.   In addition, mortgage servicers like SPS have an obligation is to refrain from engaging in behaviors that could be considered harassing, such as continuing to call after being told to stop or openly displaying information about and alleged debt to the public.  Plaintiff, and similarly situated individuals, has been subjected to prohibited collection activities by SPS.

## PARTIES

3.    Plaintiff, Jeffrey Webb, is a natural person residing in Pasco County, Florida, where the causes of action arose, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8)..

4.    Defendant, Select Portfolio Servicing, SPS, is a foreign corporation authorized to do business in Florida, is headquartered in Utah, and is a "debt collector," as defined by Fla. Stat. § 559.55(7).  SPS holds a

license with the State of Florida as a "Consumer Collection Agency," holding active license no. CCA9904967.

5.    According to public records the company's registered agent is:

Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

6.    SPS, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication, to communicate with Plaintiff.

7.    All conduct of SPS was authorized, approved and/or ratified by one or more officers, directors, or managers of SPS, and/or they knew in advance SPS was likely to conduct itself and allowed them to so act with conscious disregard of the rights and safety of others.  The agent(s) or employee(s) of SPS acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of SPS.

8.    SPS's communications set forth below are wholly without excuse.

9.     At all times mentioned herein, the agent(s) and/or employee(s) of SPS were acting within the course and scope of such agency or employment and were acting with the consent, permission, and authorization of SPS.

## JURISDICTION AND VENUE

10.    Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings claims under the FDCPA. Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

11.    Federal jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"), as the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs, and is a class action in which a member of the class of plaintiffs is a citizen of a state different from SPS.

12.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## CLASS ACTION ALLEGATIONS

13.    Plaintiff brings this action as a class action, pursuant to Federal Rule of Civil Procedure 23, on his own behalf and on behalf of all other similarly-situated consumers who fit the following proposed classes:

**The § 559.72(5) Class**

Plaintiff and all similarly-situated consumers, along with their successors in interest, who within two years of the filing of Plaintiff's *Class Action Complaint*, received a door-hanger similar, or substantially similar, to the debt collection door hanger left on Plaintiff's door attached hereto as **Exhibit A**.

**The §559.72(9) Class**

Plaintiff and all similarly-situated consumers, along with their successors in interest, who within two years of the filing of Plaintiff's *Class Action Complaint*, entered into a contractual forbearance agreement, but were subjected to late fees and/or credit reporting despite the mortgage servicer's contractual agreement's terms.

**The § 1692e(2)(A) Class**

Plaintiff and all similarly-situated consumers, along with their successors in interest, who within one year of the filing of Plaintiff's *Class Action Complaint*, entered into a contractual forbearance agreement, but were subjected to late fees and/or credit reporting despite the mortgage servicer's contractual agreement's terms.

### The § 1692e(8) Class

Plaintiff and all similarly-situated consumers, along with their successors in interest, who within one year of the filing of Plaintiff's *Class Action Complaint*, entered into a contractual forbearance agreement, but were subjected to credit reporting despite the mortgage servicer's contractual agreement's terms.

### The § 1692e(10) Class

Plaintiff and all similarly-situated consumers, along with their successors in interest, who within one year of the filing of Plaintiff's *Class Action Complaint*, entered into a contractual forbearance agreement, but were subjected improper late fees and/or credit reporting despite the mortgage servicer's contractual agreement's terms.

### The § 1692f Class

Plaintiff and all similarly-situated consumers, along with their successors in interest, who within one year of the filing of Plaintiff's *Class Action Complaint*, received a door-hanger similar, or substantially similar, to the debt collection door hanger left on Plaintiff's door attached hereto as **Exhibit A**.

### The § 1692f(1) Class

Plaintiff and all similarly-situated consumers, along with their successors in interest, who within one year of the filing of Plaintiff's *Class Action Complaint*, entered into a contractual forbearance agreement, but were subjected improper late fees and/or credit reporting despite the mortgage servicer's contractual agreement's terms.

**The § 1692g(a) Class**

Plaintiff and all similarly-situated consumers, along with their successors in interest, who within one year of the filing of Plaintiff's *Class Action Complaint*, received collection communications from SPS without having received the communication required pursuant to § 1692g(a).

**The Breach of Contract Class**

Plaintiff and all similarly-situated consumers, along with their successors in interest, who within five years of the filing of Plaintiff's *Class Action Complaint*, entered into a contractual forbearance agreement, but were subjected improper late fees and/or credit reporting despite the mortgage servicer's contractual agreement's terms.

### *Numerosity*

14.    Each class has membership so numerous that joinder of all members is impracticable.  Plaintiff estimates each class has approximately 1,000 members.

### *Commonality*

15.    There are questions of law and fact that are common to the classes, and which predominate over questions affecting any individual class member. Specifically, these common questions of law and fact include, without limitation, (1) whether SPS violated the Florida Consumer

Collection Practices Act, Fla. Stat. § 559.72(5); (2) whether SPS violated the

Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(9); (3) whether

SPS violated the Fair Debt Collection Practices Act § 1692e(2)(A); (4) whether

SPS violated the Fair Debt Collection Practices Act § 1692a(8); (5) whether

SPS violated the Fair Debt Collection Practices Act § 1692e(10); (6) whether

SPS violated the Fair Debt Collection Practices Act § 1692f; (7) whether SPS

violated the Fair Debt Collection Practices Act § 1692f(1); (8) whether SPS

violated the Fair Debt Collection Practices Act § 1692g; (9) whether SPS

breached the contract.

### *Typicality*

16.    Plaintiff's claims are typical of the claims of the classes, and

Plaintiff has no interest adverse or antagonistic to the interests of other

members of the classes.

### *Adequacy of Class Representation*

17.    Plaintiff will fairly and adequately protect the interests of the

classes and has retained experienced counsel, competent in the prosecution

of class action litigation.

## *Predominance of Common Questions*

18.    The common questions set forth in Paragraph 15 predominate over any individual issues.

## *Superiority of Class Resolution*

19.    A class action is superior to other methods for the fair and efficient adjudication of the claims asserted herein.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of the class action.

20.    A class action will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

21.    Class treatment will also permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for SPS's conduct.

22.    Absent a class action, the class members will continue to have their rights violated and will continue to suffer monetary damages.

23.    SPS's actions are generally applicable to the entire class and accordingly, the relief sought is appropriate with respect to the entire class.

## FACTS COMMON TO ALL COUNTS

24.    This case arises from SPS's attempts to collect a consumer debt (the "Alleged Debt") from Plaintiff, namely, a mortgage loan for household purposes.  The Alleged Debt stems from Plaintiff's primary home residence.

25.    SPS is a "debt collector" within the meaning of the FDCPA, because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

26.    In addition, SPS is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6), because SPS uses an instrumentality of interstate commerce and letters deposited in U.S. mail, to demand payment for a consumer debt incurred primarily for household purposes, namely, a debt incurred for the purchase or refinance of the Plaintiff's home, which debts are allegedly due to a mortgage servicer that has hired SPS to collect payments on that debt, and does so on a regular basis.

27.    Plaintiff is the owner and resident of the subject property located at 7757 Atwood Drive, Wesley Chapel, FL 33545.

28.    Plaintiff is the borrower on the mortgage loan at issue in this action.

29.    During calendar year 2023, Plaintiff experienced a change in income, and sought mortgage assistance from his then-current mortgage servicer, Mr. Cooper.

30.    On or about October 25, 2024, Plaintiff entered into a forbearance agreement with Mr. Cooper, under which Plaintiff's obligation to make monthly payments were suspended for three months.  A copy of the forbearance agreement is attached hereto as **Exhibit B.**

31.    The forbearance agreement provided that no late fees would accrue during the forbearance period and that Plaintiff's account would not be reported as delinquent to credit reporting agencies.

32.    On or about December 2, 2024, servicing of the mortgage loan was transferred to SPS, and SPS assumed the contractual servicing obligations of Mr. Cooper, including the forbearance agreement.

33.    Notwithstanding the active forbearance, SPS began sending monthly payment notices, charging late fees, and reporting Plaintiff's loan as delinquent to consumer reporting agencies.

34.    Specifically, on or about December 12, 2024, SPS prepared and delivered to Plaintiff a statement including $49.68 for "Unpaid Late Charges."  These fees did not appear on the previous month's statement from Mr. Cooper but were imposed by SPS on December 3, 2024.

35.    Although SPS was a debt collector, collecting a consumer debt, SPS failed to send Plaintiff the notice in the form and the time required by 15 USC § 1692g (a).

36.    On or about December 24, 2024, Plaintiff sent SPS a written dispute and Request for Information pursuant to the FDCPA, the Real Estate Settlement Procedures Act ("RESPA"), and the Truth in Lending Act ("TILA").  According to USPS tracking records, SPS received this written dispute on December 27, 2024.  A copy of the USPS tracking receipt is attached hereto as **Exhibit C**.

37.    Plaintiff's written request sought, among other things, validation of the debt, a full accounting of payments and charges, and documentation concerning the servicing transfer and SPS's authority to collect on the debt.

38.    SPS failed to provide a complete response to Plaintiff's dispute within the deadlines required by statute.

39.    SPS also refused to produce certain requested documents, including the servicing agreement, which it characterized as "internal and proprietary."

40.    Despite Plaintiff's written dispute, SPS continued its collection efforts during January and February 2025, including the issuance of dunning letters, imposition of additional fees, and furnishing of derogatory tradelines to credit reporting agencies.

41.    Approximately in January 2025, Plaintiff orally instructed SPS to cease telephone contact regarding the alleged debt.

42.    SPS continued to call Plaintiff after the oral cease and desist request. Plaintiff maintained logs of telephone calls and voicemails received following Plaintiff's request to stop contacting him in an attempt to collect

on the debt.  A copy of Plaintiff's telephone log is attached hereto as **Exhibit D**.

43.    On or about February 3, 2025, SPS sent to Plaintiff a "payoff statement" that included the prohibited late charge that SPS had imposed on December 3, 2024.

44.    Approximately in February 2025, SPS and/or its agent left a door hanger at Plaintiff's residence bearing the printed message, "We have been trying to call you," along with a callback number that traces to SPS.

45.    That door hanger also included a message stating that it was a "communication from a debt collector" and "an attempt to collect a debt and any information obtained will be used for that purpose."  A copy of SPS's door hanger is attached hereto as **Exhibit E**.

46.    On a later date, at approximately 8:25 p.m., an SPS representative appeared at Plaintiff's home, knocked on the door, and left another door hanger explicitly stating that the contact was for purposes of debt collection.

47.    These door hangers were visible to third parties and communicated to others the existence of a debt collection effort against

Plaintiff, even more public than if SPS had used a postcard for the same purpose.

48.    On or about April 11, 2025, SPS mailed a letter to Plaintiff, in connection with the collection of a consumer debt.  That letter stated it was from a debt collector, it was an attempt to collect a debt, and that any information obtained would be used for that purpose. A copy of SPS's April 11, 2025, correspondence is attached hereto as **Exhibit F**.

49.    The April 11, 2025, debt-collection communication falsely stated that SPS had received an "Assistance Review Application" from Plaintiff; however, Plaintiff did not submit such an application.

50.    This false statement caused Plaintiff extreme anxiety, because it caused him to think some other person might have access to his account, or that SPS was falsifying application information from him without regards to its accuracy.

51.    The April 11, 2025 debt-collection communication also promised:

We will evaluate your complete application for all loss mitigation options available to you and the results will be sent to you within thirty (30) days of the date we received the complete Assistance Review Application.

- 15 -

52.    Plaintiff did not receive such a notice, again causing him anxiety and leaving him to wonder why SPS would make these false representations, and causing him to doubt everything SPS was telling him about the loan.

53.    As a consumer debt collector, SPS maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

54.    The records specified by Rule 69V-180.080, Florida Administrative Code, of which SPS maintain, are current to within one week of the current date.

55.    For example, SPS does maintain and keep updated within seven (7) days the records required by, *inter alia*, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10) and (11).

56.    Further, SPS has written policies and procedures for the secure handling of all consumer documents and information received while collecting a debt from a consumer as required by Rule 69V-180.090(2).

57.    All conditions precedent to the bringing of this action have been performed, waived, or otherwise satisfied.

## COUNT I – CLASS CLAIM
## VIOLATION OF FLORIDA'S CONSUMER COLLECTION
## <u>PRACTICES ACT, § 559.72(5)</u>

58.　This is an action against SPS for violation of Fla. Sat. § 559.55 *et. seq.*, specifically § 559.72.

59.　Plaintiff incorporates the preceding paragraphs 1-57 as if fully set forth herein.

60.　Defendant is a "person" as used in the FCCPA.

61.　Section 559.72(5), Fla. Stat. makes it a violation for any person to disclose "to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false."

62.　By using door-hangers, easily viewable by the public, to engage in debt-collection communications with Plaintiff, SPS disclosed Plaintiff's alleged default status to the public, in violation of the statute.

63.　By disclosing to credit bureaus that Plaintiff's debt was allegedly delinquent, despite the forbearance agreement stating SPS could not do so, SPS violated § 559.72 (5), Fla. Stat.

64.    As a direct and proximate result of SPS's violation of Fla. Stat. § 559.72, Plaintiff and Class members have been harmed.

65.    Pursuant to Fla. Stat. § 559.77(2), because of SPS's violation of §559.72(5), SPS is liable for actual damages, statutory damages, and reasonable attorneys' fees and costs.

66.    Based on SPS's willful, intentional, knowing, malicious, repetitive, and continuous conduct described in this *Class Action Complaint*, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

67.    All conditions precedent to this action have occurred, have been satisfied, or have been waived.

68.    Plaintiff has retained the undersigned attorneys to pursue this claim against SPS on behalf of the Class members and is obligated to pay a reasonable fee for the attorneys' services.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests this Honorable Court enter a judgment in Plaintiff's favor, finding that SPS violated §559.72(5) of the FCCPA,

awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff all such further relief that this Honorable Court deems necessary or appropriate.

**COUNT II – INDIVIDUAL CLAIM**
**VIOLATION OF FLORIDA'S CONSUMER COLLECTION**
**PRACTICES ACT, § 559.72(7)**

69.    This is an action against SPS for violation of Fla. Sat. § 559.55 *et. seq.,* specifically § 559.72.

70.    Plaintiff incorporates the preceding paragraphs 1-57 as if fully set forth herein.

71.    Defendant is a "person" as used in the FCCPA.

72.    Section 559.72(7), Fla. Stat. makes it a violation for any person to "willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

73.    Repeatedly calling a person on the phone after an oral request to stop calling has no legitimate debt-collection purpose, serves "only to exhaust the resisting debtor's will," and constitutes harassing conduct under the statute.  SPS violated the statute by engaging in such conduct.

74.    Through its conduct, described above, SPS violated Fla. Stat. § 559.72(7).

75.    As a direct and proximate result of SPS's violation of Fla. Stat. § 559.72, Plaintiff has been harmed.

76.    Pursuant to Fla. Stat. § 559.77(2), because of SPS's violation of §559.72(7), SPS is liable for actual damages, statutory damages, and reasonable attorneys' fees and costs.

77.    Based on SPS's willful, intentional, knowing, malicious, repetitive, and continuous conduct described in this *Class Action Complaint*, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

78.    All conditions precedent to this action have occurred, have been satisfied, or have been waived.

79.    Plaintiff has retained the undersigned attorneys to pursue this claim against SPS and is obligated to pay a reasonable fee for the attorneys' services.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor, finding that SPS violated §559.72(7) of the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff all such further relief that this Honorable Court deems necessary or appropriate.

**COUNT III – CLASS CLAIM**
**VIOLATION OF FLORIDA'S CONSUMER COLLECTION**
**PRACTICES ACT, § 559.72(9)**

80.    This is an action against SPS for violation of Fla. Sat. § 559.55 *et. seq.*, specifically § 559.72.

81.    Plaintiff incorporates the preceding paragraphs 1-57 as if fully set forth herein.

82.    SPS is a "person" as used in the FCCPA.

83.    Section 559.72(9), Fla. Stat. makes it a violation for any person to "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

84.    SPS violated that statute by demanding late fees, and by reporting delinquency to credit bureaus during the forbearance period, despite the contractual agreement that it would not do so.

85.    Through its conduct, described above, SPS violated Fla. Stat. § 559.72(9).

86.    As a direct and proximate result of SPS's violation of Fla. Stat. § 559.72, Plaintiff and Class members have been harmed.

87.    Pursuant to Fla. Stat. § 559.77(2), because of SPS's violation of §559.72(9), SPS is liable for actual damages, statutory damages, and reasonable attorneys' fees and costs.

88.    Based on SPS's willful, intentional, knowing, malicious, repetitive, and continuous conduct described in this *Class Action Complaint*, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

89.    All conditions precedent to this action have occurred, have been satisfied, or have been waived.

90.    Plaintiff has retained the undersigned attorneys to pursue this claim against SPS on behalf of the Class members and is obligated to pay a reasonable fee for the attorneys' services.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests this Honorable Court enter a judgment in Plaintiff's favor, finding that SPS violated §559.72(9) of the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff all such further relief that this Honorable Court deems necessary or appropriate.

**COUNT IV – INDIVIDUAL CLAIM**
**VIOLATIONS OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) § 1692d**

91.    This is a claim for violations of the Fair Debt Collection Practices Act, 15 USC § 1692a *et seq.* ("FDCPA").

92.    Plaintiff incorporates the preceding paragraphs 1-57 as if fully set forth herein.

93.    Plaintiff is a "consumer" and SPS is a "debt collector" as defined by 15 USC § 1692a.

94.     The FDCPA, 15 USC § 1692d, prohibits harassment of consumers by debt collectors.  By calling Plaintiff repeatedly on the phone after he asked them not to, Plaintiff engaged in conduct that was meant to harass Plaintiff, in violation of the statute.

95.     Repeatedly calling a person on the phone after an oral request to stop calling has no legitimate debt-collection purpose, serves "only to exhaust the resisting debtor's will," and constitutes harassing conduct under the statute.  SPS violated the statute by engaging in such conduct.

96.     Through its conduct, described above, SPS violated 15 USC § 1692d.

97.     As a direct and proximate result of SPS's violation of 15 USC § 1692d, Plaintiff has been harmed.

98.     SPS is liable for actual damages, statutory damages, and reasonable attorneys' fees and costs.

99.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

100.   Plaintiff has retained the undersigned attorneys to pursue this claim against SPS and is obligated to pay a reasonable fee for the attorneys' services.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor, finding that SPS violated 15 USC § 1692d, awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, and awarding Plaintiff all such further relief that this Honorable Court deems necessary or appropriate.

## COUNT V – CLASS CLAIM
## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) § 1692e(2)(A)

101.   This is a claim for violations of the Fair Debt Collection Practices Act, 15 USC § 1692a *et seq*. ("FDCPA").

102.   Plaintiff incorporates the preceding paragraphs 1-57 as if fully set forth herein.

103.   Plaintiff is a "consumer" and SPS is a "debt collector" as defined by 15 USC § 1692a.

104. The FDCPA, 15 USC § 1692e(2)(A), prohibits the false representation of the amount or legal status of any debt.  By sending

statements showing the imposition of late fees which were expressly disallowed by the forbearance agreement, SPS violated § 1692e(2)(A).

105.   As a direct and proximate result of SPS's violation of 15 USC § 1692e(2)(A), Plaintiff has been harmed.

106.  SPS is liable for actual damages, statutory damages, and reasonable attorneys' fees and costs.

107.   All conditions precedent to this action have occurred, have been satisfied, or have been waived.

108.   Plaintiff has retained the undersigned attorneys to pursue this claim against SPS and is obligated to pay a reasonable fee for the attorneys' services.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests this Honorable Court enter a judgment in Plaintiff's favor, finding that SPS violated 15 USC § 1692e(2)(A), awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, and awarding Plaintiff all such further relief that this Honorable Court deems necessary or appropriate.

## COUNT VI – CLASS CLAIM
## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) § 1692e(8)

109.   This is a claim for violations of the Fair Debt Collection Practices Act, 15 USC § 1692a *et seq*. ("FDCPA").

110.   Plaintiff incorporates the preceding paragraphs 1-57 as if fully set forth herein.

111.   Plaintiff is a "consumer" and SPS is a "debt collector" as defined by 15 USC § 1692a.

112.   The FDCPA, 15 USC § 1692e(8), prohibits the communication to "any person credit information which is known, or which should be known to be false, including the failure to communicate that a disputed debt is disputed."  By communicating about Plaintiff's debt to one or more credit bureaus, despite the forbearance agreement stating it could not, and failing to communicate to the credit bureaus that the forbearance agreement prohibited such reporting, and falsely stating the balance to include prohibited late fees, SPS violated § 1692e(8).

113.   As a direct and proximate result of SPS's violation of 15 USC § 1692e(8), Plaintiff has been harmed.

114.  SPS is liable for actual damages, statutory damages, and reasonable attorneys' fees and costs.

115.  All conditions precedent to this action have occurred, have been satisfied, or have been waived.

116.  Plaintiff has retained the undersigned attorneys to pursue this claim against SPS and is obligated to pay a reasonable fee for the attorneys' services.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests this Honorable Court enter a judgment in Plaintiff's favor, finding that SPS violated 15 USC § 1692e(8), awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, and awarding Plaintiff all such further relief that this Honorable Court deems necessary or appropriate.

## COUNT VII – CLASS CLAIM
## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) § 1692e(10)

117.  This is a claim for violations of the Fair Debt Collection Practices Act, 15 USC § 1692a *et seq.* ("FDCPA").

118.   Plaintiff incorporates the preceding paragraphs 1-57 as if fully set forth herein.

119.   Plaintiff is a "consumer" and SPS is a "debt collector" as defined by 15 USC § 1692a.

120.   The FDCPA, 15 USC § 1692e(10), prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

121.   By sending statements falsely demanding the payment of unauthorized late fees, SPS made false statements regarding the balance due, in violation of § 1692e(10).

122.   By making misleading reports to credit bureaus that omitted the forbearance status of the loan, and included unauthorized late fees in the balance due, SPS violated § 1692e(10).

123.   By falsely asserting in April of 2025 that Plaintiff had applied for assistance, SPS violated § 1692e(10).

124.   As a direct and proximate result of SPS's violation of 15 USC § 1692e(10), Plaintiff has been harmed.

125. SPS is liable for actual damages, statutory damages, and reasonable attorneys' fees and costs.

126. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

127. Plaintiff has retained the undersigned attorneys to pursue this claim against SPS and is obligated to pay a reasonable fee for the attorneys' services.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests this Honorable Court enter a judgment in Plaintiff's favor, finding that SPS violated 15 USC § 1692e(10), awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, and awarding Plaintiff all such further relief that this Honorable Court deems necessary or appropriate.

### COUNT VIII – CLASS CLAIM
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) § 1692f

128. This is a claim for violations of the Fair Debt Collection Practices Act, 15 USC § 1692a *et seq*. ("FDCPA").

129.    Plaintiff incorporates the preceding paragraphs 1-57 as if fully set forth herein.

130.    Plaintiff is a "consumer" and SPS is a "debt collector" as defined by 15 USC § 1692a.

131.    The FDCPA, 15 USC § 1692f, prohibits collection of a consumer debt by unfair means. This prohibits use of unfair or unconscionable means to collect a debt, including communications that invade or betray the consumer's privacy, including but not limited to communicating by postcard or by including language on the outside of an envelope.  By using door hangers stating that SPS was communicating about a debt, SPS invaded Plaintiff's privacy and violated § 1692f.

132.    As a direct and proximate result of SPS's violation of 15 USC § 1692f, Plaintiff has been harmed.

133.    SPS is liable for actual damages, statutory damages, and reasonable attorneys' fees and costs.

134.    All conditions precedent to this action have occurred, have been satisfied, or have been waived.

135.    Plaintiff has retained the undersigned attorneys to pursue this claim against SPS and is obligated to pay a reasonable fee for the attorneys' services.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests this Honorable Court enter a judgment in Plaintiff's favor, finding that SPS violated 15 USC § 1692f, awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, and awarding Plaintiff all such further relief that this Honorable Court deems necessary or appropriate.

**COUNT IX – CLASS CLAIM**
**VIOLATIONS OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) § 1692f(1)**

136.    This is a claim for violations of the Fair Debt Collection Practices Act, 15 USC § 1692a *et seq*. ("FDCPA").

137.    Plaintiff incorporates the preceding paragraphs 1-57 as if fully set forth herein.

138.    Plaintiff is a "consumer" and SPS is a "debt collector" as defined by 15 USC § 1692a.

139.   The FDCPA, 15 USC § 1692f(1), prohibits collection of a consumer debt by unfair means. This prohibits use of unfair or unconscionable means to collect a debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, by charging illegal fees and interest, SPS violated § 1692f.

140.   As a direct and proximate result of SPS's violation of 15 USC § 1692f(1), Plaintiff has been harmed.

141.   SPS is liable for actual damages, statutory damages, and reasonable attorneys' fees and costs.

142.   All conditions precedent to this action have occurred, have been satisfied, or have been waived.

143.   Plaintiff has retained the undersigned attorneys to pursue this claim against SPS and is obligated to pay a reasonable fee for the attorneys' services.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests this Honorable Court enter a judgment in Plaintiff's favor, finding that SPS violated 15 USC § 1692f(1), awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, and awarding Plaintiff all such further relief that this Honorable Court deems necessary or appropriate.

**COUNT X – CLASS CLAIM**
**VIOLATIONS OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) § 1692g(a)**

144.   This is a claim for violations of the Fair Debt Collection Practices Act, 15 USC § 1692a *et seq.* ("FDCPA").

145.   Plaintiff incorporates the preceding paragraphs 1-57 as if fully set forth herein.

146.   Plaintiff is a "consumer" and SPS is a "debt collector" as defined by 15 USC § 1692a.

147.   The FDCPA, 15 USC § 1692g(a), requires debt collectors to make certain disclosures within five days of its initial communication with the consumer.   By failing to send the required disclosures, SPS violated § 1692g(a).

148.   As a direct and proximate result of SPS's violation of 15 USC § 1692g(a), Plaintiff has been harmed.

149.   SPS is liable for actual damages, statutory damages, and reasonable attorneys' fees and costs.

150.   All conditions precedent to this action have occurred, have been satisfied, or have been waived.

151.   Plaintiff has retained the undersigned attorneys to pursue this claim against SPS and is obligated to pay a reasonable fee for the attorneys' services.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests this Honorable Court enter a judgment in Plaintiff's favor, finding that SPS violated 15 USC § 1692g(a), awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, and awarding Plaintiff all such further relief that this Honorable Court deems necessary or appropriate.

## COUNT XI – CLASS CLAIM
## BREACH OF CONTRACT

152.   Plaintiff incorporates the preceding paragraphs 1-57 as if fully set forth herein.

153.   This is a claim for breach of contract.

154.   Plaintiff formed a valid and binding contract with Mr. Cooper for the forbearance of his loan for three months from October 25, 2024.

155.   That contract provided, in pertinent part:

We will not report the Forbearance Plan or the delinquency status of your loan to credit reporting agencies for the duration of the Forbearance Plan.

156.   The contract also provided:

Late fees will not be charged.

157.   SPS, as the successor servicer to Mr. Cooper, was bound by this Forbearance Agreement.

158.   SPS breached the Forbearance Agreement by reporting his loan as delinquent, to one or more credit bureaus, during the Forbearance Plan.

159.   SPS breached the Forbearance Agreement, on December 3, 2024, by charging a late fee.

160.  As a result of SPS's breach of the Forbearance Agreement, Plaintiff, on behalf of himself and all others similarly situated, has suffered damages.  Plaintiff seeks actual, consequential, and other applicable damages, along with the costs of litigation and attorney's fees to the extent authorized by existing law; along with such other relief as this Court deems fit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this honorable Court award Plaintiff money damages along with attorney fees and costs.

Date: November 6, 2025                 Respectfully submitted,

                                       **RICARDO & WASYLIK PL**

                                       */s/ Michael Alex Wasylik*_____
                                       Michael Alex Wasylik, Esq.
                                       Fla. Bar No. 067504
                                       P.O. Box 2245
                                       Dade City, Florida 33526
                                       Phone: (352) 567-3173
                                       Fax: (352) 567-3193
                                       Email: service@ricardolaw.com
                                       *Counsel for Plaintiff*

                                       **SHRADER, MENDEZ & O'CONNELL**
                                       902 N Armenia Ave
                                       Tampa, FL 33609
                                       Phone:  (813) 360-1529
                                       Fax:      (813) 336-0832

                                       */s/ Brian L. Shrader* _____
                                       **BRIAN L. SHRADER, ESQ.**
                                       Florida Bar No. 57251
                                       E-mail: bshrader@shraderlawfirm.com
                                       **ALEJANDRO J. MENDEZ, ESQ.**
                                       Florida Bar No. 1025247
                                       E-mail: amendez@shraderlawfirm.com
                                       **KELLIE N. O'CONNELL, ESQ.**
                                       Florida Bar No. 1030942
                                       E-mail: koconnell@shraderlawfirm.com
                                       *Counsel for Plaintiff*